UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

FROYLAN SANCHEZ,

        Plaintiff,

    v.

DEWAYNE HENDRIX, Warden;
FCI SHERIDAN,

        Defendants.

Case No. 3:22-cv-00813-AA

ORDER

AIKEN, District Judge.

Plaintiff, a federal inmate at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), files this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff alleges that he has been subjected to "inhumane treatment" and has received "no health care." However, plaintiff does not allege who subjected him to such treatment or denied him medical care or what damages he suffered as a

---

[1] Although plaintiff captioned his Complaint as a "2241 Writ of Habeas Corpus Complaint," plaintiff makes clear he wishes to file a "civil rights action."

1 – ORDER

result. Plaintiff's Complaint fails to state a cognizable claim for relief under *Bivens*, and he must amend his allegations for this action to proceed.

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

In *Bivens*, the United States Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam) (citation omitted). The Supreme Court has recognized a *Bivens* remedy where prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment by acting with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Carlson v. Green*, 446 U.S. 14 (1980).

"A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d

1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference to an inmate's serious medical needs may be manifested when prison officials deny, delay or intentionally interfere with medical treatment or by the manner in which prison physicians provide medical care. *Gamble*, 429 U.S. at 104-05. Importantly, the indifference to the inmate's medical needs must be substantial. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi*, 391 F.3d at 1057. Plaintiff's cryptic allegations of "inhumane treatment" and "no health care" do not allege adequate facts to state an Eighth Amendment claim.

First, plaintiff does not identify the FCI Sheridan official(s) who allegedly subjected him to inhumane treatment and violated his constitutional rights. Although plaintiff names Warden Hendrix as the sole defendant, he alleges no facts suggesting that Warden Hendrix was responsible for the alleged constitutional violations.

Second, plaintiff must allege facts plausibly suggesting that FCI Sheridan officials acted with deliberate indifference to his health or safety when they denied him medical care or treatment. Plaintiff alleges only "inhumane treatment" and does not allege specific facts plausibly suggesting that FCI Sheridan officials knowingly and deliberately disregarded serious risks of harm to plaintiff's health.

Plaintiff is allowed the opportunity to file an amended complaint and cure the noted deficiencies. Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

3 – ORDER

CONCLUSION

Plaintiff's Complaint fails to state a cognizable *Bivens* claim. Within thirty days from receipt of this Order, plaintiff must file an amended complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

DATED this  2nd  day of August, 2022.

                                     /s/Ann Aiken
                                      Ann Aiken
                        United States District Judge