UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| FROYLAN SANCHEZ, | Case No. 3:22-cv-00813-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| ISRAEL JACQUEZ, Warden; FCI SHERIDAN, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff, an adult in custody (AIC) at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), filed this action and alleged an Eighth Amendment claim for injunctive relief arising from the alleged lack of medical treatment during lockdown conditions. Defendants now move for dismissal on grounds of mootness, or alternatively, for summary judgment due to

1 -    OPINION AND ORDER

Plaintiff's failure to exhaust administrative remedies. I find that Plaintiff fails to present evidence to sustain his claim on the merits, and Defendants' Motion for Summary Judgment is GRANTED.

DISCUSSION

In his Amended Complaint, Plaintiff alleged that for over two years, FCI Sheridan officials refused to provide medical care for his back pain and ongoing dental needs. Am. Compl. at 2 (ECF No. 8). Plaintiff maintained that AICs were subject to "dangerous" lockdown conditions which restricted AICs to their cells for most of the day and prevented them from obtaining necessary medical care. *Id.* Plaintiff did not seek damages, and the Court construed his Complaint as seeking only injunctive relief. Order dated January 9, 2023 (ECF No. 9). Plaintiff has not moved to amend his Complaint to name additional defendants or to request damages.

Defendants now move for dismissal on grounds of mootness and lack of jurisdiction. Defendants contend that Plaintiff's claim for injunctive relief is moot, because the COVID-19 related lockdown conditions are no longer in place and Plaintiff has obtained adequate medical care for his various ailments. Rogowski Decl. ¶ 7; *see generally* Grasley Decl. Alternatively, Defendants move for summary judgment on grounds that Plaintiff failed to exhaust the available administrative remedy process. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

The undisputed evidence of record reflects that since 2021, Plaintiff has received generally consistent medical treatment for his medical conditions and complaints. *See* Grasley Decl. & Attachments. Rather than rendering Plaintiff's claim moot, I find that this record fails to raise a genuine issue of material fact to defeat summary judgment on the merits.

2 -    OPINION AND ORDER

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing the absence of any genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this initial burden is met, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.*

The court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). Because Plaintiff is proceeding pro se, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). However, this does not relieve Plaintiff from his "obligation to show a genuine issue of material fact for trial through the presentation of specific, admissible evidence." *Epling v. Komathy*, 2011 WL 13142131, at *1 (C.D. Cal. Dec. 5, 2011). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations and quotation marks omitted).

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To sustain a claim for deliberate indifference, the plaintiff must establish the existence of "a serious medical need" and show that the "defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Prison officials may demonstrate deliberate indifference by denying, delaying, or intentionally interfering with medical treatment, or by the way they provide medical

treatment. *Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). Where a plaintiff alleges a delay in receiving medical treatment, the delay must have led to "significant harm." *Hallett*, 296 F.3d at 746.

The evidence of record belies Plaintiff's Eighth Amendment claim of deliberate indifference. Contrary to his allegations of no medical care, medical providers examined Plaintiff numerous times between August 2021 and August 2023 in response to his complaints of back pain. Upon examination, medical providers prescribed and renewed several types of medication, ordered imaging of Plaintiff's spine, and recommended range of motion exercises. Grasley Decl. Att. A at 1-2, 5, 7, 9-10, 12, 26, 32, 38-39; Att. B at 1-4, 11. Notably, Plaintiff's examinations revealed normal range of motion, strength, and motor function; imaging results reflected generally "unremarkable" findings; and Plaintiff informed medical providers that the prescribed medication and exercises helped alleviate his back pain. *Id.* Att. A at 7, 89; Att. B at 1, 11.

The record similarly contradicts Plaintiff's claim alleging the lack of dental treatment. On November 23, 2021, Plaintiff received a dental exam and health screening, during which his dental hygiene was classified as "poor." *Id.* Att. A at 76-79, 93. After submitting requests for dental care, on August 9, 2022, Plaintiff visited the dental clinic and requested a root canal on his lower right tooth. *Id.* Att. B at 50. A dentist evaluated Plaintiff's tooth and informed him that "the prognosis of the tooth [was] poor" and there was "not enough tooth structure left in order to save the tooth." *Id.* Att. B at 51. Instead, the dentist recommended that the tooth be extracted. Plaintiff insisted on a root canal despite the dentist's warning that he could suffer increased pain, swelling, and a potentially life-threatening infection if the tooth was not removed. *Id.* Ultimately, Plaintiff refused the recommended treatment of extraction. Grasley Decl. Att. B at 64. To date, no records indicate that Plaintiff has requested additional dental treatment.

4 -     OPINION AND ORDER

Plaintiff's medical records also reflect examinations and/or treatment for a variety of other health concerns, including wrist pain and vision problems. *See* Grasley Decl. Att. A at 7, 34; Att. B at 1-4, 5, 7-9, 11-13, 15, 20, 34, 47, 58; Att. C at 1-2, 8, 14-15. In sum, the record flatly contradicts Plaintiff's claim that he received no medical treatment for over two years.

Further, Plaintiff presents no evidence suggesting that FCI Sheridan medical providers disregarded a known risk to his health and instead relies on unsupported and conclusory assertions of inadequate medical treatment. Pl.'s Response at 1 (ECF No. 22). However, it is well established that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Comty. College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996). Moreover, Plaintiff's disagreement with the opinions of medical providers and his dissatisfaction with the care he received implies negligence, and negligent conduct cannot sustain an Eighth Amendment claim. *Gamble*, 429 U.S. at 105-06; *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.").

## CONCLUSION

Plaintiff fails to establish a genuine issue of material fact to defeat summary judgment, and Defendants' Motion for Summary Judgment (ECF No. 15) is GRANTED. Any appeal of this Opinion and Order or Judgment dismissing this action would be frivolous or not taken in good faith, and Plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this 21st day of February, 2024.

/s/Ann Aiken
ANN AIKEN
United States District Judge

5 -    OPINION AND ORDER